## Wm. E. Leverich, Curator, v. Amos Adams et als.

*Plaintiff sued for the nullity of a judgment, and for an injunction to restrain the execution of a fi. fa. issued under it. The defendant in the injunction and the owner of the judgment directed the Sheriff to release the seizure, and afterwards made a motion in open court for the release of the seizure, which motion was allowed, but the District Court went further, and ordered the suit to be dismissed. Held: that the order dismissing the suit was improperly made, the plaintiff having a clear right to a trial of the issue of nullity of the judgment.*

APPEAL from the District Court of East Baton Rouge, *Burke*, J. *Morgan*, for plaintiff. *R. & H. Marr*, for *McCalop's Executor*. *J. M. & J. E. Elam*, for *Adams*.

BUCHANAN, J. A plantation and slaves belonging to the succession of *Edward J. Walsh*, administered by plaintiff, having been seized and advertised for sale in execution of a judgment obtained by *James S. Bailey* against *Amos Adams*, this suit was instituted for the nullity of the said judgment, as also of another judgment against *Adams* at the suit of his wife, on the ground of the said judgment being fraudulent and collusive. And the petition prays in the alternative for judgment in warranty against *Walsh's* vendor, and the vendors of his vendor, up to *Amos Adams*, who formerly owned the property in question. The plaintiff also prayed for the conservatory writ of injunction, which was issued upon a proper affidavit and bond given. All the parties, plaintiff and defendant, to the judgments sought to be annulled, as well as the different warrantors mentioned in the petition, were cited as defendants herein.

One of the parties cited in warranty (the executor of the last will of *James McCalop*, deceased,) filed an exception, which was sustained by the court, and the suit dismissed as to him, by judgment signed the 15th December, 1852.

On the 20th June, 1854, the following rule was entered on the minutes: "On motion of *J. M. Elam, Esq.*, of counsel for *Clara L. Stuart*, universal legatee of *James S. Bailey*, deceased, authorized by her husband *Amos Adams*, that the property enjoined from sale be released from seizure, the Sheriff having been ordered to return the *fi. fa.*, the execution whereof was enjoined, ordered that the motion be entered for hearing," and on the 22d June, 1854, the follow-

<div style="float:right">LEVERICH<br>v.<br>ADAMS.</div>

ing judgment was entered on said rule : "In this case it is ordered, adjudged and decreed, that the motion of *Clara L. Adams*, universal legatee of *James S. Bailey*, deceased, to release from seizure the property enjoined from sale be sustained, and in consequence thereof it is further ordered, adjudged and decreed, that this suit be dismissed, and that the plaintiffs in seizure pay the costs of suit.".

The next day, June 23d, 1854, plaintiff moved for a suspensive appeal, which was granted, and complains in this court that the release of the seizure of the property by one of the defendants, although it put an end to the necessity for the conservatory process of injunction, yet it by no means extinguished the various causes of action set up in the petition.

The appellant is clearly entitled to relief, and so much the more, as the rule taken by the representative of *Bailey* did not even ask that the suit should be dismissed. It merely asked leave to release the seizure of the plaintiff's property, which it would have been the undoubted right of the party to do, even without an order of court. But the object of this suit was more than the simple release of this seizure. The plaintiff demanded the nullity of the judgment under which the seizure was made. And this cause of action subsists as fully in the absence of a seizure as if the seizure remained in force. But if the suit be dismissed, what is there to prevent the representative of *Bailey* from issuing another *fi. fa.* and seizing the plaintiff's property again? The appellant has a clear right to a trial of the issue of nullity, which, if decided in his favor, will quiet him finally in the possession of this property.

The appellant has asked us to reverse not only the judgment of the 22d June, 1854, dismissing his suit generally, but that of the 15th December, 1852, dismissing it as to the succession of *Jamss McCalop*.

But we cannot consider this appeal as taken from the latter judgment. The plaintiff had suffered more than a year to elapse after that judgment, and had thereby lost the right of appealing from it, according to Article 593 of the Code of Practice.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that this cause be remanded to the said court, to be proceeded in according to law, as to all the defendants, except the succession of *James McCalop* ; the costs of this appeal to be paid, in solido, by *Clara Adams* and *Amos Adams*, appellees.